728 P.2d 298

The STATE of Arizona, Appellee/Cross-Appellant,

v.

Roy Feltus LEE, Appellant/Cross-Appellee.

No. 2 CA–CR 4354.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 16, 1986.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee/cross-appellant.

James S. Alexander, Tucson, for appellant/cross-appellee.

HATHAWAY, Chief Judge.

Appellant was indicted on one count of second-degree burglary, a class 3 felony, one count of sexual abuse, a class 5 felony, and one count of sexual assault, a class 2 felony. Following a jury trial, he was convicted on the burglary charge and on two counts of sexual abuse. The trial court imposed sentences of probation on all convictions, five years for the burglary and three years each for the sexual abuse charges, subject to the condition that appellant serve six months in the Pima County Jail.

Appellant raises two issues on appeal: 1) that the evidence was insufficient for the jury to find him guilty beyond a reasonable doubt, and 2) that the trial court erred in permitting the prosecutor to apprise the jury of the fact that appellant was fired for theft in cross-examining a character witness.

■ The victim in this case testified that she had fallen asleep on the couch in front of her television and was awakened in the early morning hours by the presence of a man who "straddled" her, fondled her breasts and penetrated her vagina with his fingers. The man was wearing a mask which the victim managed to pull off his head during the course of the attack. She testified that she recognized her attacker as appellant, who had worked with her husband for a construction business and with whom she and her husband had socialized on several occasions. At the request of the police, the victim subsequently telephoned appellant, and a tape recording of that conversation was played for the jury. During the course of the conversation, appellant made several statements which could reasonably be construed as knowledge of the offenses and admissions of responsibility. While it is true that the victim and her husband were not always consistent, either in their testimony or in their statements to the police, and that the victim did not at first tell the entire story to the police, these inconsistencies were made plain to the jury. The issue was not the sufficiency of the evidence, but rather the credibility of the appellant and the victim. That was a matter for the jury to resolve, and we will not disturb its conclusions. *State v. McDaniel,* 136 Ariz. 188, 665 P.2d 70 (1983).

■ Appellant called Edward Gary Berger as a character witness. Berger testified as to appellant's reputation for honesty and truthfulness. Over appellant's objection, the prosecutor was permitted to ask Berger whether he was aware that appellant had been fired from a job the previous year for stealing, and whether that knowledge would change Berger's opinion of appellant's character. Appellant

claims this was error, arguing that termination for stealing was not probative of untruthfulness, and that any probative value was outweighed by the prejudicial effect of this evidence. Rule 608(b), Rules of Evidence, 17A A.R.S., provides:

> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Since the rule permits inquiry into conduct for which there has been no conviction, such inquiry is subject to certain limitations in order to prevent its abuse. The conduct must be probative of truthfulness or untruthfulness, it may not be proved by extrinsic evidence, and the judge must exercise his discretion to determine whether the utility of the evidence is outweighed by its prejudice. *See State v. Woods*, 141 Ariz. 446, 687 P.2d 1201 (1984).

In *Woods*, the supreme court had its first opportunity to interpret Rule 608(b). There, a witness had been previously charged with theft by fraud, having cashed duplicate refund checks for returned merchandise. The charges were dismissed when restitution was made. The supreme court held that the trial court did not abuse its discretion in refusing to permit inquiry into the witness' prior bad act on the ground that the act was not probative of truthfulness, particularly since the witness had already been impeached as a co-participant who entered into a beneficial plea bargain as well as by prior inconsistent statements.

This does not mean, however, that conduct amounting to theft is not probative of truthfulness. We believe that the supreme court's intention in *Woods* was to emphasize that the determination of this question is committed to the trial court's discretion. Other courts have permitted inquiry into acts of theft under this rule. *See United States v. McClintic*, 570 F.2d 685 (8th Cir. 1978); *State v. Miller*, 92 N.M. 520, 590 P.2d 1175 (App.1979). In this case, we believe that the conduct, stealing from an employer, involved the requisite element of dishonesty or false statement. *See generally* M. Udall and J. Livermore, Arizona Practice—Law of Evidence § 48 (2d ed. 1982). We find no abuse of discretion here.

■ Nor do we find that the probative value of the evidence was outweighed by the prejudice to the appellant. This is particularly true since, pursuant to the Rule 608(b), the state was not permitted to introduce extrinsic evidence to prove the charge, and the appellant was able to take the stand and explain fully to the jury his version of the events. The jury was additionally cautioned that appellant was not on trial for any charge not set forth in the indictment. We see no error.

We have reviewed the entire record for fundamental error and have found none. A.R.S. § 13–4035. The judgment of conviction and sentences are therefore affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.