166 P.3d 107

**STATE of Arizona, Appellee,**

v.

**Robert Anthony SALAZAR, Appellant.**

No. 1 CA–CR 06–0063.

Court of Appeals of Arizona, Division 1, Department C.

June 12, 2007.

As Amended Sept. 18, 2007.

Review Denied Oct. 30, 2007.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Susan Sherwin, Office of the Legal Advocate By Consuelo M. Ohanesian, Deputy Legal Advocate, Phoenix, Attorneys for Appellant.

## OPINION

PORTLEY, Judge.

¶ 1 Defendant Robert Anthony Salazar ("Defendant") appeals his convictions and sentences.

### FACTUAL BACKGROUND

¶ 2 Defendant was arrested, indicted and tried for engaging in various sexual acts with his minor stepdaughter ("A.M.").

¶ 3 The trial evidence included A.M.'s tape recorded statements to the police [1] and Defendant's videotaped confession. The recordings were used at trial because A.M. re-

---

1. A.M.'s statements detailed several incidents where Defendant inappropriately touched her.

peatedly testified that she had no memory of the events.

¶ 4 The jury convicted Defendant of sexual conduct with a minor under the age of twelve, public sexual indecency with a minor, and child molestation.

## DISCUSSION

¶ 5 Defendant argues that the admission of A.M.'s recorded statements, in light of her repeated inability to recall the incidents, violated his right to confront witnesses against him under both the United States and Arizona Constitutions. We disagree.

¶ 6 The Sixth Amendment, in pertinent part, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Likewise, the Arizona Constitution provides that "[i]n criminal prosecutions the accused shall have the right . . . to meet the witnesses against him face to face." Ariz. Const. art. 2, § 24. We review claims of constitutional violations de novo. *State v. Glassel*, 211 Ariz. 33, 50, ¶ 59, 116 P.3d 1193, 1210 (2005).

¶ 7 The Confrontation Clause prohibits the use of a testimonial pre-trial statement in lieu of testimony from a witness unless there was prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). It does not preclude using a prior statement to impeach a witness or refresh the witness's memory. *Id.* at 59 n.

9, 124 S.Ct. 1354 (citing *California v. Green*, 399 U.S. 149, 162, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)).

¶ 8 Here, A.M. was present and testified that Defendant had done inappropriate things to her which she had described to the police. When asked about specific instances of inappropriate touching, however, she testified, "I don't want to answer that question." Additionally, nearly every time she was asked if she remembered telling a police officer that Defendant touched her inappropriately, she testified, "I don't recall," or "I don't remember." As a result, and with the court's permission, the prosecutor played the police recordings to refresh A.M.'s recollection.[2]

¶ 9 Defendant claims that A.M.'s failure to initially respond to questions prevented him from effective cross-examination. The Confrontation Clause, however, does not guarantee that a witness will not give testimony "marred by forgetfulness, confusion, or evasion," rather, it affords the defense a "full and fair opportunity to probe and expose these infirmities through cross-examination," and allows the fact finder to weigh the evidence in light of those infirmities.[3] *Delaware v. Fensterer*, 474 U.S. 15, 21–22, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985).

¶ 10 Although A.M. was a reluctant witness, Defendant was not precluded or limited in his cross examination. Our review of the record does not reveal that A.M.'s inability or refusal to recall the incidents so frustrated

2. We note that a witness may be shown a writing or other evidence, including listening to a recording to attempt to refresh the witness's recollection. *See* Ariz. R. Evid. 612; Morris K. Udall, et al., *Law of Evidence* § 34 (3d ed. 1991) ("[I]t is permissible to show the witness his prior statement or any other document or object to see if looking at it will revive memory . . . . [t]he refreshing object is not itself admissible."). The witness should listen to the recording out of the jury's presence. If the witness's recollection is refreshed, she can testify. If her recollection is not refreshed, only then can the record be "read [or played] into evidence but cannot be received as an exhibit unless offered by the adverse party." Ariz. R. Evid. 803(5). To the extent that the court allowed the recording to be played in open court to refresh the witness's memory before she testified listening to it did not refresh her recollection, the court erred. However, because the

recorded statement impeached the witness, any error in playing the statement to refresh the witness's recollection was harmless.

3. Here, we note that the jury was specifically instructed that it would have to determine the credibility of the witnesses. The instruction noted that:

[i]n determining the evidence, you must decide whether to believe the witnesses and their testimony. As you do this, you should consider the testimony in light of all the other evidence in this case. This means you may consider such things as the witnesses' ability and opportunity to observe, their manner and memory while testifying, any motive or prejudice they might have, and any inconsistent statements they may have made.

cross-examination that admission of her out-of-court statements violated Defendant's confrontation rights. *See, e.g., State v. King,* 180 Ariz. 268, 275–76, 883 P.2d 1024, 1031–32 (1994) (holding that the Confrontation Clause was not violated by the admission of prior inconsistent statements by a witness who testified at trial that he could no longer remember details of the crime) (citing *United States v. Owens,* 484 U.S. 554, 559, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988)); *People v. Sharp,* 355 Ill.App.3d 786, 292 Ill.Dec. 118, 825 N.E.2d 706, 712–13 (2005) (holding that the Confrontation Clause was not violated by the admission of a child victim's out-of-court statements because the victim 'appeared for cross-examination' within the meaning of *Crawford* despite her complete lack of response to five attempts by prosecutor to have her relate what happened to her); *State v. Price,* 158 Wash.2d 630, 146 P.3d 1183, 1192–93, ¶¶ 33–34 (2006) (holding that the Confrontation Clause was not violated by the admission of a six-year-old victim's out-of-court statements because the defendant retained full opportunity to cross-examine her notwithstanding her repeated testimony on direct examination that she forgot what he had done to her). Instead, the record reveals that the cross examination was brief, and it did not explore the memory issues nor the charges. Consequently, we find no *Crawford* violation because the recorded statements were used to refresh A.M.'s recollection.

■ ¶ 11 We also find that Defendant's trial objection to the use of the pretrial statements only referred to A.M.'s statement that they would not refresh her memory. He never indicated that he was making a Sixth Amendment objection. Defendant's failure to object on the basis he seeks appellate relief means that we review only for fundamental error. *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is error that "goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at 568, ¶ 24, 115 P.3d at 608. Defendant bears the burden of establishing

both that fundamental error occurred, and that he was prejudiced thereby. *Id.* at ¶ 22.

■ ¶ 12 Even if we assume error, Defendant has not established that he was prejudiced. *See Henderson,* 210 Ariz. at 568, ¶ 22, 115 P.3d at 608. To show prejudice, Defendant must show that a reasonable jury, absent any error in admitting the recorded statements of A.M., could have reached a different result. *See id.* at 569, ¶ 27, 115 P.3d at 609. Defendant's videotaped confession details a variety of sexual acts he committed on A.M., and more incidents than those reported by A.M. We find that on this record, even absent A.M.'s pre-trial statements, no reasonable jury would have failed to convict Defendant.[4]

■ ¶ 13 Defendant also contends that the trial court abused its discretion by allowing the tapes to be played after A.M. testified that hearing them would not refresh her recollection, and she was not asked to vouch for the tape's accuracy.

¶ 14 We review a trial court's ruling for abuse of discretion, *State v. Valencia,* 186 Ariz. 493, 498, 924 P.2d 497, 502 (App.1996), and will affirm the ruling on any ground supported by the record. *State v. Robinson,* 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

¶ 15 The trial court may admit a witness's out-of-court statements which are inconsistent with the witness's testimony. *See* Ariz. R. Evid. 801(d)(1)(A). The court has considerable discretion in determining whether a witness's evasive answers or lack of recollection may be considered inconsistent with that witness's prior out-of-court statements. *See King,* 180 Ariz. at 275, 883 P.2d at 1031 (no abuse of discretion in admitting out-of-court statement under Rule 801(d)(1) based on finding that witness was feigning lack of memory at trial); *State v. Robinson,* 165 Ariz. 51, 59, 796 P.2d 853, 861 (1990) (no abuse of discretion in admitting extrinsic evidence of out-of-court statement under Rule 613(b) when trial court could not tell if witness was being evasive, or simply could not

---

4. Defendant's summary argument that A.M.'s out of court statements supplied "the *only* evidence against [Defendant] on some of the counts" does not sustain his burden to show prejudice, because it fails to identify the counts that were supported only by A.M.'s out-of-court statements.

remember); *cf. State v. Moran,* 151 Ariz. 373, 375–76, 728 P.2d 243, 245–46 (App.1985) (no abuse of discretion in admitting tape recording of out-of-court statement under Rule 801(d)(1) after victim-witness recanted sexual abuse allegations at trial), *aff'd in part,* 151 Ariz. 378, 380, 728 P.2d 248, 250 (1986).

¶ 16 Here, the record supports the trial court's conclusion that A.M. was feigning inability to recall her prior statements.[5] Her prior statements were, therefore, admissible as inconsistent with her evasiveness at trial. *See King,* 180 Ariz. at 275, 883 P.2d at 1031.

## CONCLUSION

¶ 17 For the foregoing reasons, we affirm Defendant's convictions and sentences.

CONCURRING: DONN KESSLER and PATRICK IRVINE, Judges.

---

**5.** The record indicates that A.M. was reluctant to testify about the events which she believed might set back her rehabilitation. She did, however, acknowledge the subpoena power of the court and testified.