IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



THE STATE OF ARIZONA,                )
                                     )
                        Appellee,    )        2 CA-CR 2007-0403
                                     )        DEPARTMENT B
            v.                       )
                                     )        O P I N I O N
LUIS ENRIQUE ORTEGA,                 )
                                     )
                        Appellant.   )
_____)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20071579

Honorable Richard Nichols, Judge

AFFIRMED IN PART; VACATED IN PART

_____

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Amy M. Thorson                                Tucson
                                                        Attorneys for Appellee


Barton & Storts, P.C.
  By Brick P. Storts, III                                             Tucson
                                                       Attorneys for Appellant

_____

V Á S Q U E Z, Judge.

¶1 Following a jury trial, appellant Luis Ortega was convicted of two counts each of sexual abuse of a minor under fifteen years of age, molestation of a child, and sexual conduct with a minor under fifteen, all dangerous crimes against children under A.R.S. § 13-604.01, and two counts of threatening or intimidating. The trial court sentenced him to a total of fifty-seven years in prison. On appeal, Ortega argues the charges in counts four and five, molestation of a child and sexual conduct with a minor under fifteen, arose from a single act, and his convictions on both charges violate the double jeopardy protections of the United States and Arizona Constitutions. He further contends the prosecutor "exerted improper influence" over a victim's testimony, rendering it unreliable. For the reasons that follow, we vacate Ortega's conviction and sentence on count four, molestation of a child, but affirm the remaining convictions and the sentences imposed.

**Factual and Procedural Background**

¶2 We view the facts in the light most favorable to sustaining the jury's verdicts. *State v. Miles*, 211 Ariz. 475, ¶ 2, 123 P.3d 669, 670 (App. 2005). On August 20, 2006, thirteen-year-old C.Q. was visiting her mother in Tucson. That morning she was sleeping on a couch, when she was awakened by Ortega touching her arms, buttocks, and legs and trying to turn her over. She asked Ortega what he was doing, and although he stopped touching her, he did not answer. A few days later, on August 25, while C.Q. was sleeping, Ortega turned her "face up" and began touching her breasts and vagina over her clothes.

Afterwards, Ortega told her not to tell anyone what had happened. C.Q. returned home to Mexico the following day.

¶3 C.Q. next visited her mother in December 2006. On the 22nd or 23rd, Ortega took C.Q. to an abandoned trailer where he forcibly removed her clothes, touched her breasts, back, and legs, and had sexual intercourse with her. She did not tell her mother what had happened because Ortega had told both her and her brother F.Q. that he would either kill their mother or hurt them if they said anything.

¶4 On subsequent visits in February and March or April of 2007, Ortega engaged in similar acts with C.Q. and each time he threatened to harm her mother if C.Q. told her what he had done. On April 9, C.Q.'s mother was lying on the couch when she saw Ortega touch C.Q.'s buttocks over her pajamas. Shortly thereafter, she heard him walk into C.Q.'s bedroom. She screamed at him, and the two argued about what she had seen. When the mother called the police, Ortega put his clothes in his car and left the house.

¶5 A grand jury indicted Ortega on the following charges: sexual abuse of a minor, committed on or about August 20, 2006, through August 25, 2006 (count one); molestation of a child, on or about August 20, 2006 (count two); sexual abuse of a minor under fifteen, on or about December 21, 2006, through December 28, 2006 (count three); molestation of a child, on or about December 21, 2006, through December 28, 2006 (count four); sexual conduct with a minor under fifteen, on or about December 21, 2006, through December 28, 2006 (count five); sexual conduct with a minor under fifteen, on or about

3

February 10, 2007, through February 12, 2007 (count six); sexual conduct with a minor under fifteen, on or about March 20, 2007, through March 22, 2007 (count seven); threatening or intimidating C.Q. (count eight); and threatening or intimidating F.Q. (count nine). Counts one through seven were alleged to be dangerous crimes against children.

¶6 During trial the court granted Ortega's motion for judgment of acquittal pursuant to Rule 20, Ariz. R. Crim. P., only on count seven, and the jury found him guilty of the remaining charges. The court sentenced him to concurrent, enhanced, presumptive prison terms on counts one through four, the longest of which was seventeen years; consecutive, enhanced, presumptive, twenty-year terms on counts five and six; and 180 days in jail for counts eight and nine, with 180 days of presentence incarceration credit. This appeal followed.

**Standard of Review**

¶7 Because Ortega failed to raise at trial either of the issues he raises on appeal, we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *Id., quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). In order to obtain relief, Ortega must demonstrate both that fundamental error occurred and that it caused him prejudice. *Id.* ¶

4

20. A double jeopardy violation constitutes fundamental, prejudicial error. *See State v. McGill*, 213 Ariz. 147, ¶ 21, 140 P.3d 930, 936 (2006).

## Discussion

### Double Jeopardy

**¶8** Ortega first argues his convictions and sentences for both molestation of a child and sexual conduct with a minor under the age of fifteen violate his right to be free from double jeopardy. He contends molestation is a lesser included offense of sexual conduct with a minor under fifteen and "the same exact act" was used to prove his guilt on both charges.[1] In the alternative, he argues that because both charges arose out of the same conduct, the sentences must be served concurrently pursuant to A.R.S. § 13-116. These are issues of law we review de novo. *See State v. Brown*, 217 Ariz. 617, ¶ 7, 177 P.3d 878, 881 (App. 2008).

**¶9** The Double Jeopardy Clauses of the United States and Arizona Constitutions protect criminal defendants from multiple convictions and punishments for the same offense. *See Brown*, 217 Ariz. 617, ¶ 13, 177 P.3d at 882; *Lemke v. Rayes*, 213 Ariz. 232, ¶ 10, 141 P.3d 407, 411 (App. 2006); *see also* U.S. Const. amend. V, Ariz. Const. art. II, § 10. Multiplicitous charges alone do not violate double jeopardy; only resulting multiple convictions or punishments are prohibited. *Merlina v. Jejna*, 208 Ariz. 1, ¶ 14, 90 P.3d

---

[1] In his opening brief, Ortega also asserted that count three, sexual abuse of a minor under fifteen, was a lesser included offense of sexual conduct with a minor. However, he has withdrawn that argument in his reply brief.

5

202, 205 (App. 2004). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *see also State v. Eagle*, 196 Ariz. 188, ¶ 6, 994 P.2d 395, 397 (2000). Thus a defendant may not be convicted for both an offense and its lesser included offense, because they are considered the "same offense" for double jeopardy purposes. *Lemke*, 213 Ariz. 232, ¶¶ 16-18, 141 P.3d at 413; *see also Brown v. Ohio*, 432 U.S. 161, 168 (1977) (concluding conviction for both greater and lesser included offense violates double jeopardy under *Blockburger* test). In determining whether offenses are the "same" for purposes of double jeopardy analysis, we look to the elements of the offenses and not to the particular facts that will be used to prove them. *See State v. Price*, 218 Ariz. 311, ¶ 5, 183 P.3d 1279, 1281 (App. 2008); *Lemke*, 213 Ariz. 232, ¶ 16, 141 P.3d at 413.

**The Test for Determining Same Offenses**

¶10        Both parties rely on *In re Jerry C.*, 214 Ariz. 270, 151 P.3d 553 (App. 2007), to support their respective positions on whether molestation of a child is a lesser included offense of sexual conduct with a minor. In *Jerry C.*, the juvenile's charges included two counts of sexual conduct with a minor involving victims who were both under the age of fifteen. *Id.* ¶¶ 2, 12. During the adjudication hearing, the juvenile court ruled that the evidence on these counts did not "fit" the charge of sexual conduct with a minor, but it was

6

sufficient for molestation, which the court found to be a lesser included offense. *Id.* ¶ 3. The juvenile appealed, arguing molestation is not a lesser included offense of sexual conduct with a minor, and because the state had not given proper notice of the molestation charges, his delinquency adjudications for those charges should be reversed. *Id.* ¶ 5. Division One of this court disagreed, concluding that, as alleged in the charging document, it was not possible for the juvenile to commit sexual conduct with a minor without also committing molestation of a child and, therefore, the juvenile court properly had treated molestation as a lesser included offense. *Id.* ¶ 13.

**¶11** Division One applied what it described as two separate tests for determining whether an offense is a lesser included offense of another: the "same elements" test promulgated in *Blockburger* and the "charging documents" test. *Id.* ¶ 7. Applying the same elements test, the court considered the statutory elements for the two offenses in determining whether one could commit sexual conduct with a minor without also committing molestation of a child. *Id.* ¶ 9. It concluded that molestation could not be a lesser included offense of sexual conduct under the same elements test because molestation involves only victims under the age of fifteen, whereas sexual conduct can be committed against a victim under the age of eighteen. *Id.* ¶ 10; *see also* A.R.S. §§ 13-1405 (sexual conduct), 13-1410 (molestation).

**¶12** The court next applied the charging document test under which it stated an offense is lesser included if "'the charging document describes the lesser offense even though

[it] would not always form a constituent part of the greater offense.'" *Jerry C.*, 214 Ariz. 270, ¶ 11, 151 P.3d at 556-57, *quoting State v. Brown*, 204 Ariz. 405, ¶ 21, 64 P.3d 847, 852 (App. 2003). And, based upon the offense as it was charged, the court concluded "molestation of a child, in this case, is a lesser included offense . . . because the charging document sufficiently describes the lesser included charge." *Id.* ¶ 13.

**¶13**      However, based on our reading of *United States v. Dixon*, 509 U.S. 688, 708 (1993), we question the use of charging documents as a separate test for assessing whether two offenses are the same for double jeopardy purposes. *See Price*, 218 Ariz. 311, n.1, 183 P.3d at 1281 n.1.[2] In *Dixon*, the Supreme Court held that when two offenses cannot survive the *Blockburger* "same elements" test, the double jeopardy bar applies, and the defendant may not be convicted of both offenses. 509 U.S. at 696. The Court rejected the view that, after finding no double jeopardy violation under the *Blockburger* test, it should nevertheless then consider "whether the nature of the acts *alleged* supported such a claim." *Id.* at 709 n.12 (emphasis added). Thus, under *Dixon*, the "'same elements' test . . . is the only

---

[2]In *Price* we acknowledged that "[s]ome Arizona authority suggests consideration of the charging document is appropriate in double jeopardy analysis." 218 Ariz. 311, n.1, 183 P.3d at 1281. These cases have articulated the test "in the context of lesser-included offenses . . . as 'whether [the purported lesser included offense] is, by its very nature, always a constituent part of the greater offense or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense.'" *State v. Siddle*, 202 Ariz. 512, ¶ 10, 47 P.3d 1150, 1154 (App. 2002), *quoting State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 12, 965 P.2d 94, 97 (App. 1998) (emphasis omitted); *see also State v. Welch*, 198 Ariz. 554, ¶ 7, 12 P.3d 229, 231 (App. 2000).

permissible interpretation of the double jeopardy clause," *State v. Sanders*, 205 Ariz. 208, ¶ 65, 68 P.3d 434, 448 (App. 2003).[3]

**¶14** However, as the state points out, when a particular offense can be committed in multiple ways, "it is impossible to tell just by looking at the statute itself which of the [ways] is . . . relevant . . . for purposes of determining any lesser included offenses. A court would have to look at the charging document to make that determination." We agree. The same elements test merely prohibits consideration of the underlying facts or conduct. But *Blockburger* does not preclude consideration of the offense as it has been charged in determining the elements of an offense and whether two offenses are the same.[4] *See Sanders*, 205 Ariz. 208, ¶ 64, 68 P.3d at 448 (noting in dictum that *Dixon* would appear to permit separate prosecution for two methods of committing aggravated assault on a police officer based on one event because each contained distinctly different elements).

**Arizona's Sexual Conduct with a Minor Statute**

---

[3]Thus, to the extent *Jerry C.* considered the *Blockburger* elements test as distinct from the "charging documents test," we disagree. However, to the extent *Jerry C.* merely considered the offense *as it was charged* to inform its determination of the elements pursuant to *Blockburger*, we would find no fault with that approach. In any event, we reach the same ultimate conclusion as in *Jerry C.*, that molestation of a child is a lesser included offense of sexual conduct with a minor under fifteen.

[4]Nor does *Dixon*. In Part III-A of Justice Scalia's opinion, which a plurality of the Court joined, he consulted the contents of court orders prohibiting the defendants from engaging in certain acts in order to elucidate the elements of the criminal contempt charges based on those orders and compare them with the elements of their convictions for separate but related offenses. 509 U.S. at 697-99. *See also id.* at 714 (Rehnquist, C.J., concurring in part, dissenting in part) (disagreeing with Justice Scalia's reliance on terms of contempt orders rather than "elements of contempt of court in the ordinary sense").

9

¶15 As we noted above, the same elements test requires a comparison of the elements necessary to establish each charged offense for double jeopardy purposes. *Dixon*, 509 U.S. at 696. Generally, the elements of a statute are not difficult to discern, but this is not always the case in double jeopardy determinations. Some statutes describe the elements of an offense in one subsection and in other subsections classify the offense based upon additional factors which, if proven, increase or decrease the severity of the offense. The question then becomes whether the additional factors constitute elements of the offense or are sentencing factors authorized by the jury's verdict. *See Eagle*, 196 Ariz. 188, ¶ 17, 994 P.2d 395, 399 (2000) (factors in kidnapping statute are mitigating sentencing factors, not elements to be proved by the state); *Brown*, 204 Ariz. 405, ¶¶ 13, 20, 64 P.3d at 850-52 (finding former shoplifting statute included aggravated form of offense containing additional elements which had to be proven to jury).

¶16 Section 13-1405, A.R.S., raises this issue. It provides as follows:

**Sexual conduct with a minor; classifications**

(A) A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.

(B) Sexual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to [the dangerous crimes against children statute]. Sexual conduct with a minor who is at least fifteen years of age is a class 6 felony. Sexual conduct with a minor who is at least fifteen years of age is a class 2 felony if the person is the minor's parent, stepparent, adoptive parent, legal guardian or foster parent and the

10

> convicted person is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by [statute] until the sentence imposed has been served or commuted.

Under subsection (A), the elements of sexual conduct with a minor are: (1) intentionally or knowingly engaging in sexual intercourse or oral sexual contact, defined in a separate statute, (2) with a person who is less than eighteen years of age. *See* § 13-1401 (defining sexual intercourse and oral sexual contact). And subsection (B) classifies the offense according to factors that give rise to different classes of felonies, and corresponding differences in punishment. *See* A.R.S. § 13-702(A). We must therefore decide whether the factors in subsection (B) constitute elements of the offense for double jeopardy purposes. *See Eagle*, 196 Ariz. 188, ¶¶ 9-12, 994 P.2d at 397-98; *Brown*, 204 Ariz. 405, ¶¶ 13-17, 64 P.3d at 850-51.

¶17        As our supreme court did in *Eagle*, 196 Ariz. 188, ¶ 14, 994 P.2d at 399, we find *Jones v. United States*, 526 U.S. 227 (1999), instructive on this issue. *See also Carter v. United States*, 530 U.S. 255, 273 (2000) (referring to *Jones* in determining elements of offense). In *Jones* the defendant had been charged with violations of two federal statutes, including "carjacking or aiding and abetting carjacking," which provided in pertinent part:

> "Whoever, possessing a firearm . . . takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
>> (1) be fined under this title or imprisoned not more than 15 years, or both,

11

(2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both."

*Id.* at 230, *quoting* 18 U.S.C. § 2119 (1988). Jones was indicted without reference to the numbered subsections. At his arraignment he was told he could face up to fifteen years in prison; at trial the jury was instructed solely according to the first paragraph of the statute. *Id.* at 230-31. However, over Jones's objection, the trial court sentenced him to twenty-five years on the carjacking charge after finding he had inflicted serious bodily injury on the victim during the offense. *Id.* at 231. At the Supreme Court, Jones argued that the carjacking statute effectively created three distinct offenses, requiring the elements of each to be charged in the indictment and proven to the jury. *See id.* at 229.

¶18 The Court stated, "Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." *Id.* at 232. Looking at the structure of the statute, the Court noted that "at first glance, [the statute] has a look to it suggesting that the numbered subsections are only sentencing provisions." *Id.* at 233. But the Court went on to state that this impression became less clear in light of subsections (2) and (3), which "not only provide[d] for steeply higher penalties, but condition[ed] them on further facts (injury, death) that seem quite as important as the elements in the principal paragraph (*e.g.*, force and violence, intimidation)." *Id.* The Court examined the statute's legislative history, which it dismissed as unpersuasive,

12

and other criminal statutes, from which it inferred that Congress had intended bodily injury to be an element because serious bodily injury has traditionally been treated, both by Congress and by the state legislatures, as defining an element of aggravated offenses. *Id.* at 235-39.

**¶19** Finally, the Court noted that interpreting subsections (2) and (3) as merely sentencing factors would put the constitutionality of the statute in doubt, resolving the issue "in favor of avoiding those questions." *Id.* at 251. Thus, it concluded that the statute must be construed as "establishing three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." *Id.* at 251-52.[5] Therefore, under *Jones*, any factor that is essential to proving an offense was committed and establishing a particular sentencing range is an element that must be submitted to a jury and proven beyond a reasonable doubt.

---

[5]In *Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19 (2000), decided a year later, the Court broadened its holding in *Jones* and further distinguished elements of offenses from sentencing factors:

> The term [sentencing factor] appropriately describes a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense. On the other hand, when the term "sentence enhancement" is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict. Indeed, it fits squarely within the usual definition of an "element" of the offense.

13

**¶20**        Applying these principles to § 13-1405, we conclude the "under fifteen years of age" factor in § 13-1405(B), which renders the offense a class two felony, is an element of that offense. We note that the specific age of a victim is the type of fact usually treated as an element of a crime. *See Jones*, 526 U.S. at 234 (looking to "traditional treatment of certain categories of important facts" in determining whether a fact is an element or a penalty aggravator). But even more importantly, sexual conduct with a person under the age of eighteen but at least fifteen years old, is a class six felony, which carries with it a sentencing range from six months' imprisonment to 1.5 years; but, sexual conduct with a minor under the age of fifteen is a class two felony, carrying with it a sentencing range of four to ten years. §§ 13-1405(B), 13-702(A)(1), (5).[6] In other words, proof that the victim is under the age of fifteen automatically exposes the defendant to a maximum prison term over six times greater than what he or she would be exposed to absent such proof. *See* § 13-1405(B). Additionally, this fact makes the offense punishable as a dangerous crime against children under § 13-604.01.

**¶21**        Thus, because this fact authorizes a "steeply higher penalt[y]" than would be permissible in its absence, we must conclude that § 13-1405 "establish[es] . . . separate offenses by the specification of distinct elements, each of which must be charged . . . ,

---

[6]In this case we are neither presented with nor do we decide whether, under the reasoning of *Jones, Apprendi*, or their progeny, A.R.S. § 13-702 enhancement factors would constitute elements for the purposes of *Blockburger* and double jeopardy analysis.

proven beyond a reasonable doubt, and submitted to a jury for its verdict."[7] *Jones*, 526 U.S. at 233, 252; *see also Apprendi*, 530 U.S. at 494; *State v. Martinez*, 210 Ariz. 578, ¶¶ 9-10, 115 P.3d 618, 621 (2005); *State v. Gross*, 201 Ariz. 41, ¶¶ 12, 14, 31 P.3d 815, 818, 819 (App. 2001).

¶22      Our conclusion is in accord with Arizona case law that consistently has distinguished charges of sexual conduct with a minor under the age of fifteen from sexual conduct with a minor under eighteen. *See, e.g., State v. Gonzalez*, 216 Ariz. 11, ¶ 1, 162 P.3d 650, 651 (App. 2007) (defendant "convicted of attempted . . . sexual conduct with a minor under fifteen years of age"); *State v. Long*, 207 Ariz. 140, ¶ 3, 83 P.3d 618, 620 (App. 2004) (defining offense in one count as sexual conduct with minor under fifteen and offense in another count, pertaining to different incident, as sexual conduct with minor

---

[7]In *Eagle*, 196 Ariz. 188, ¶___, 994 P.2d at ___, our supreme court considered whether Arizona's kidnapping statute, A.R.S. § 13-1304, which is similar in construction to § 13-1405, contains the separate offenses of first- and second-degree kidnapping. The court concluded that the statute creates a single offense that is presumptively a class two felony; the fact that the victim was released without physical injury is merely "a mitigating factor relevant solely for sentencing purposes," which allows the offense to be reduced to a class four felony as set forth in subsection (B) of the statute. *Id.* ¶¶ 10, 17. Because only the defendant benefits from the existence of a mitigating factor, he bears the burden of proving it. *Id.* ¶ 17. The court noted, however, that the statute "also identifies as an aggravating circumstance the fact that the victim is under 15 years of age. We are mindful that the Constitution sometimes requires facts that increase punishment to be treated as elements of the crime, not merely as sentencing factors." *Id.* n.1. Because that issue was not before the court, it "express[ed] no opinion whether the aggravating factor . . . must be treated as an element of the offense." *Id.*

fifteen years or older); *see also State v. Marshall*, 197 Ariz. 496, ¶ 1, 4 P.3d 1039, 1041 (App. 2000).

¶23        In *State v. Carlisle*, 198 Ariz. 203, ¶ 12, 8 P.3d 391, 394-95 (App. 2000), Division One of this court stated, "The crime of sexual conduct with a minor under the age of fifteen involves two elements: (1) the defendant intentionally or knowingly engaged in sexual intercourse or oral sexual contact with another person; and (2) the other person ha[d] not reached his or her fifteenth birthday." And in *State v. Gallegos*, 178 Ariz. 1, 10, 870 P.2d 1097, 1107 (1994), our supreme court approved without comment a jury instruction that provided: "The crime of sexual conduct with a minor under age fifteen requires proof of the following two things: (1) The defendant knowingly penetrated the anus of another person with a part of his body; *and* (2) the other person had not reached her fifteenth birthday."

**Application of the Same Elements Test**

¶24        Because Ortega was charged with sexual conduct with a minor under fifteen, we must compare the elements of that offense with the elements of molestation. Molestation of a child is committed by "intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child under fifteen years of age." A.R.S. § 13-1410(A). And one commits sexual conduct with a minor under fifteen by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under the age of fifteen. § 13-1405. Sexual contact is

16

defined as "any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact" and sexual intercourse as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva." § 13-1401(2), (3).

¶25 Both offenses therefore require the same mens rea, and both may only be committed against a victim who is under the age of fifteen. Furthermore, by penetrating the penis, vulva, or anus with a body part or object or by engaging in masturbatory contact with the penis or vulva, one has necessarily also touched, fondled, or manipulated the genitals or anus of that person. Therefore, one cannot commit sexual conduct with a minor under fifteen without also committing molestation of a child. Molestation is a lesser included offense of sexual conduct with a minor under the age of fifteen. Accordingly, Ortega's conviction of both the greater and the lesser offenses violates the Double Jeopardy Clause, *Lemke*, 213 Ariz. 232, ¶¶ 16-18, 141 P.3d at 413-14, and we must vacate his conviction for molestation of a child.[8] *See also State v. McGill*, 213 Ariz. 147, ¶ 21, 140 P.3d 930, 936 (2006).

**Molestation Charge Based on Same Conduct**

---

[8]Because we have vacated Ortega's conviction and sentence in count four for molestation of a child, we need not address his alternative argument that A.R.S. § 13-116 requires his sentences in counts four and five to be served concurrently.

17

¶26    The state contends, however, that "there was evidence from which a reasonable juror could conclude [Ortega] had committed molestation by touching C.Q.'s vagina with his hand in December, separate from the molestation inherent in the touching necessary to accomplish penetration. Accordingly, . . . the molestation is not a lesser included offense of the sexual conduct with a minor in this case." *See State v. Arnoldi*, 176 Ariz. 236, 240, 860 P.2d 503, 507 (App. 1993) (multiple convictions permissible where evidence showed defendant had rubbed victim's vagina separately from digital penetration). We disagree.

¶27    C.Q.'s testimony, the only evidence relating to the December incident charged in count four, does not establish that Ortega touched her vagina separately from penetration with his penis. C.Q. testified that in December Ortega touched her breasts, back, and legs with his hands, and his penis "went into [her] vagina." She was asked, "During the times that you were asked on cross-examination [about] December, February, and March/April when the defendant forced you to have sex did he only have sex with you or did he also touch you?" C.Q. responded, "He would also touch me."[9] However, there is nothing in her

_____

[9]At oral argument, the state contended that C.Q.'s response that Ortega "would also touch" her, referred back to the prosecutor's previous question concerning touching in August that included her breasts and vagina. However, the prosecutor's question does not constitute evidence. And after defense counsel's objection to the question about August 25 was sustained, the prosecutor's next question concerned "the times that defense counsel asked [C.Q.] about on cross-examination in December, February, and . . . the March, April time frame." When the prosecutor attempted to clarify the type of touching C.Q. was referring to, the court sustained another defense objection, and she abandoned that line of questioning.

18

testimony making it clear that the touching she had been referring to included manual contact with her vagina. As noted above, C.Q. specifically stated that in December Ortega had only touched her breasts, back, and legs. Her nonspecific response to the prosecutor's broad question, "[D]id he also touch you?" does not support an inference that on that date he had also "touched, fondled, or manipulated [her] genitals." § 13-1401(2).

¶28 Consequently, there is no evidence from which reasonable jurors could conclude beyond a reasonable doubt that in December, Ortega committed an act that constituted molestation and which was separate from the act that gave rise to the charge of sexual conduct with a minor. *See State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990) (conviction must be supported by substantial evidence; "[s]ubstantial evidence is more than . . . mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support . . . conclusion of defendant's guilt . . . beyond reasonable doubt'"), *quoting State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980).

**Prosecutorial Misconduct**

¶29 Ortega asserts that "the coercive tactics employed [by the state] upon ten year old [F.Q.] impermissibly swayed his testimony." He contends this rendered F.Q.'s testimony unreliable, deprived him of a fair trial, and requires dismissal of count nine, threatening or intimidating. Because Ortega failed to object to this testimony below, we review for fundamental error only. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607. As we understand his argument, Ortega essentially suggests the state committed prosecutorial

19

misconduct that caused F.Q.'s testimony to be inconsistent and therefore unreliable.[10] To warrant reversal on the basis of prosecutorial misconduct, a "'defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. . . . [T]he conduct [must] be so pronounced and persistent that it permeates the entire atmosphere of the trial.'" *State v. Roque*, 213 Ariz. 193, ¶ 152, 141 P.3d 368, 403 (2006), *quoting State v. Hughes*, 193 Ariz. 72, ¶ 26, 969 P.2d 1184, 1191 (1998).

¶30 When F.Q. initially was called to testify, he did not remember many of the details of the events in question or his statements to a police detective. After extensive discussion and argument from counsel, the trial court permitted him to be excused and recalled the following day, so that an interpreter could transcribe his interview with the police detective to help refresh his memory under Rule 612, Ariz. R. Evid., and for potential use as impeachment based on prior inconsistent statements under Rule 613(A), Ariz. R. Evid. *See also* Ariz. R. Evid. 801(d)(1) (prior inconsistent statements not hearsay).

¶31 F.Q. was recalled the following day. The prosecutor read him excerpts from the transcribed interview and initially he still did not remember what he had told the detective about the alleged instances of sexual contact between Ortega and C.Q. and denied Ortega had threatened to kill his mother if he told anyone what had happened. However,

---

[10]We note that although Ortega has documented the specific instances of questioning he contends amount to prosecutorial misconduct, he has failed to cite any authority in support of this argument. *See* Ariz. R. Crim. P. 31.13(c)(vi).

a few minutes into the questioning, F.Q. recalled telling the detective that Ortega had threatened him while he was in Tucson in December.

¶32　　　　Ortega contends "[F.Q.'s] testimony was altered by the pervasive questioning on the subject" and was "elicited by the State after considerable coaxing of [F.Q.] to testify in a manner that would lead to [Ortega's] conviction." We disagree. The methods the prosecutor used to elicit this testimony were proper under the Rules of Evidence and therefore did not constitute prosecutorial misconduct. *See Roque*, 213 Ariz. 193, ¶ 154, 141 P.3d at 403 (first step in assessing prosecutorial misconduct is to determine whether error occurred).

¶33　　　　When a witness does not remember making a particular statement, Rule 612, Ariz. R. Evid., permits the "use [of] a writing to refresh memory for the purpose of testifying." If the attempt to refresh the witness's recollection is unsuccessful, the writing may then be read into the record, although it may not be separately admitted into evidence. Ariz. R. Evid. 803(5); *see also State v. Salazar*, 216 Ariz. 316, ¶ 8, n.2, 166 P.3d 107, 109, 109 n.2 (App. 2007). Furthermore, when a witness denies making the prior statement, the prior statement is admissible for impeachment purposes. *See* Ariz. R. Evid. 613(b), 801(d)(1); *see also State v. Robinson*, 165 Ariz. 51, 58, 796 P.2d 853, 860 (1990) (impeachment of party's own witness permissible); *State v. Sucharew*, 205 Ariz. 16, ¶ 20, 66 P.3d 59, 66 (App. 2003) (prior inconsistent statement by testifying witness not hearsay). Here, at various times during his testimony F.Q. either did not remember his prior statements

21

or denied making them. The prosecutor was thus entitled to introduce F.Q.'s prior statements under Rules 801(d)(1) and 803(5), Ariz. R. Evid., to refresh his memory or for impeachment purposes. Therefore, there was no error or misconduct in the prosecutor's detailed questions concerning F.Q.'s previous statements.

¶34 To the extent Ortega is arguing that F.Q.'s testimony was unreliable because it was inconsistent, this was an issue of credibility for the jury to resolve. *State v. Lee*, 151 Ariz. 428, 429, 728 P.2d 298, 299 (App. 1986) (when jury aware of inconsistencies in victim's statements, issue is not sufficiency of evidence but credibility of victim and defendant, which jury must resolve). Defense counsel was entitled to explore these inconsistencies on cross-examination, and he chose not to, although he did argue them in closing. We will not reweigh this evidence on appeal. *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995) (finder of fact, not appellate court, determines witness credibility). There was no error, let alone fundamental error, in the admission of F.Q.'s testimony.

### Disposition

¶35 For the reasons stated above, we vacate Ortega's conviction and sentence for count four, molestation of a child. We affirm in all other respects.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:

22

_____
PETER J. ECKERSTROM, Presiding Judge


E S P I N O S A, Judge, specially concurring.

¶36        I concur in the results and reasoning of the majority except with respect to the lengthy and, in my view, unnecessary analysis of whether Ortega could be convicted on both counts four and five in this case. Because it is simply not possible for Ortega to have had sexual intercourse with the child, as charged in count five, without also having touched her vagina, as charged in count four, under well-established jurisprudence of our supreme and appellate courts, there is no question the latter was a lesser included offense of the former, for which Ortega could not be separately convicted. *See State v. Cheramie*, 218 Ariz. 447, ¶ 9, 189 P.3d 374, 375 (2008) ("'To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime as charged without having committed the lesser one.'"), *quoting State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983); *State v. Wall*, 212 Ariz. 1, ¶ 14, 126 P.3d 148, 150 (2006) ("An offense is 'lesser included' when the 'greater offense cannot be committed without necessarily committing the lesser offense.'"), *quoting State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980); *State v. Caudillo*, 124 Ariz. 410, 412, 604 P.2d 1121, 1122 (1979) (test to determine if offense

23

is lesser included is whether the greater offense could not have been committed without necessarily committing the lesser); *see also In re Jerry C.*, 214 Ariz. 270, ¶ 11, 151 P.3d 553, 556-57 (as charged, child molestation was necessarily a lesser included offense of sexual conduct with a minor); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, ¶ 12, 965 P.2d 94, 97 (App. 1998) (test for lesser included offense includes situation where lesser charge is "incidental" to greater whose commission as charged necessarily includes the lesser), *cited with approval in Cheramie*, 218 Ariz. 447, 189 P.3d 374.

**¶37**      In all other respects, I concur with the majority.

_____
PHILIP G. ESPINOSA, Judge