NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

RICHARD BUSTOS, JR., *Petitioner.*

No. 1 CA-CR 13-0741 PRPC

FILED 4-30-2015

Appeal from the Superior Court in Maricopa County
No. CR2004-037113-001 SE
The Honorable Crane McClennen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Harry P. Friedlander, Mesa
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

---

**B R O W N, Judge**:

**¶1**          Richard Bustos, Jr. petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review, the response, and the reply. For the reasons stated, we grant review and deny relief.

**¶2**          A jury convicted Bustos of sexual abuse and two counts each of molestation of a child and sexual conduct with a minor, all dangerous crimes against children. The trial court sentenced Bustos to an aggregate term of fifty-seven years' imprisonment for the counts of molestation and sexual conduct with a minor and placed him on lifetime probation for sexual abuse. We affirmed Bustos's convictions and sentences on direct appeal but modified his sentences to award additional credit for presentence incarceration. *State v. Bustos*, 1 CA-CR 05-0161 (Ariz. App. Dec. 22, 2005) (mem. decision). Bustos now seeks review of the summary dismissal of his first petition for post-conviction relief.

**¶3**          Bustos presents two sentencing issues for review. He first contends that *State v. Ortega,* 220 Ariz. 320, 206 P.3d 769 (App. 2008), constitutes a significant change in the law requiring the trial court to resentence him. In *Ortega*, this court held that molestation of a child is a lesser-included offense of sexual conduct with a minor under the age of fifteen. 220 Ariz. at 328, ¶ 25, 206 P.3d at 777. Relying on *Ortega*, Bustos argues the sentence for molestation of a child as alleged in Count 2 must run concurrent to the sentence for sexual conduct with a minor as alleged in Count 3, and that the sentence for molestation of a child as alleged in Count 5 must run concurrent to the sentence for sexual conduct with a minor as alleged in Count 4.

**¶4**          *Ortega*, however, does not constitute a significant change in the law. *Ortega* was merely the first case to interpret the statutes at issue and determine whether one offense was a lesser-included offense of another. "An appellate decision is not a significant change in the law simply because it is the first to interpret a statute." *State v. Shrum*, 220 Ariz.

115, 120, ¶ 21, 203 P.3d 1175, 1180 (2009). "[A] 'change in the law' requires some transformative event, a 'clear break' from the past." *Id.* at 118, ¶ 15, 203 P.3d at 1178 (citation omitted). Overruling a prior appellate decision, applying a "novel technique of statutory construction," or changing the interpretation of Arizona or federal constitutional law are significant changes in the law. *Id.* at 119, ¶ 19, 203 P.3d at 1179. *Ortega* did none of those things and was not otherwise a "transformative event" nor a "clear break from the past."

¶5        Moreover, even assuming that *Ortega* constituted a significant change in the law, we would deny relief on this issue. Molestation of a child is a lesser-included offense of sexual conduct with a minor under the age of fifteen when the two charges are based on the same conduct. *Ortega*, 220 Ariz. at 328-29, ¶¶ 26-28, 206 P.3d at 777-78. Counts 2 and 3 in this case were based on different conduct. The jury found Bustos guilty of molestation as alleged in Count 2 based on an incident that occurred in the "computer room," while the jury found him guilty of sexual conduct with a minor as alleged in Count 3 based on an incident that occurred in "the bedroom." Likewise, Counts 4 and 5 were based on different conduct. The jury found Bustos guilty of sexual conduct with a minor as alleged in Count 4 based on Bustos's digital penetration of the victim's vagina while the two lay on Bustos's bed. The jury found him guilty of molestation as alleged in Count 5 based on Bustos's "touching the victim's vagina while in the bedroom." As to Count 4, the victim testified that Bustos penetrated her vagina with his finger. Regarding Count 5, the victim testified Bustos touched her vagina with his hand. While the indictment alleged Bustos committed Counts 4 and 5 during the same eight-month period, the victim further testified that the five offenses "happened on different days."

¶6        As the second sentencing issue on review, Bustos contends the trial court erred when it sentenced him pursuant to Arizona Revised Statutes ("A.R.S.") section 13-604.01,[1] which provides the sentencing provisions for dangerous crimes against children. Bustos concedes the victim was under the age of fifteen. Bustos argues, however, that because he had no prior felony convictions, the court should have sentenced him as a first-time felony offender pursuant to A.R.S. §§ 13-701 and -702. We deny relief because Bustos could have raised this issue on direct appeal. Any claim a defendant raised or could have raised on direct appeal is precluded.

---

[1]        Effective January 1, 2009, A.R.S. § 13-604.01 was renumbered as A.R.S. § 13-705.

Ariz. R. Crim. P. ("Rule") 32.2(a). None of the exceptions under Rule 32.2(b) apply.

¶7          Bustos argues he is entitled to raise this untimely claim pursuant to Rule 32.1(d), which identifies as a ground for post-conviction relief that "[t]he person is being held in custody after the sentence imposed has expired[.]" Bustos argues Rule 32.1(d) applies to all "illegal" sentences and that preclusion does not apply. *See* Ariz. R. Crim. P. 32.2(b) (preclusion does not apply to claims for relief based on Rule 32.1(d)). We disagree. Rule 32.1(d) applies to situations in which a person remains in custody after a sentence has "expired." These are situations "which result in the defendant's remaining in custody when he should be free," such as "miscalculation of sentence [and] questions of computation of good time[.]" Ariz. R. Crim. P. 32.1(d) cmt. A defendant who seeks to challenge the *legality* of a sentence in a post-conviction relief proceeding must do so pursuant to Rule 32.1(a) (the sentence was in violation of the state or federal constitutions), Rule 32.1(b) (the court was without jurisdiction to impose sentence), or Rule 32.1(c) (the sentence exceeds the lawfully authorized maximum "or is otherwise not in accordance with the sentence authorized by law"). The exceptions to preclusion contained in Rule 32.2(b), however, do not include claims for relief brought pursuant to Rules 32.1(a), (b) or (c).

¶8          Rule 32.1(d) has no application because Bustos's sentences have not "expired" and he has not otherwise "remained in custody when he should be free." He presents ordinary claims that some of his sentences are illegal. Bustos could have raised those issues on direct appeal based on the law that existed at that time. Because he did not, these claims are precluded and as such, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama

4