NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDWARD FIONNE COLLINS, *Appellant.*

No. 1 CA-CR 23-0042
FILED 3-7-2024

Appeal from the Superior Court in Maricopa County
No.  CR2020-107297-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kevin M. Morrow
*Counsel for Appellee*

The Susser Law Firm, PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1        Edward Collins appeals his convictions and sentences for one count of molestation and one count of sexual conduct with a minor.  He argues the convictions and sentences violate principles of double jeopardy.  We disagree and thus affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Collins lived with his girlfriend and her eleven-year-old daughter, along with other minors.  Because his girlfriend worked an overnight shift, Collins regularly watched her daughter at night.  On one such night in May 2017, Collins inappropriately touched the daughter and forced her to perform sexual acts on him.

¶3        After returning to school the next day, the victim told a friend, patrol officer, detective, and school officials what happened.  According to the victim, Collins touched her private area (first act) and then forced her to touch his penis (second act) while on the couch.  Collins was charged with sexual conduct with a minor for touching the child inappropriately (Count 1), and molestation for forcing the child to touch him (Count 2).  The child returned to her bedroom, but Collins summoned her back to the couch, where he forced her to masturbate him until he ejaculated (third act).  Collins was also charged with sexual conduct with a minor for this act (Count 5).  Police matched Collins' DNA to DNA on a blanket at the crime scene.  Collins fled the state, but was later apprehended.

¶4        A five-day jury trial was held in October 2022.  Collins was convicted of one count of molestation (Count 2) and two counts of sexual conduct with a minor under the age of twelve (Counts 1 and 5).  He was sentenced to life with the possibility of parole after 35 years for Count 1; 17 years for Count 2; and 20 years for Count 5, to run consecutively.

¶5        Collins timely appealed his convictions and sentences for molestation (Count 2) and one count of sexual conduct with a minor under the age of twelve (Count 5).  Collins does not contest his conviction and

sentence for one count of sexual conduct with a minor (Count 1). We have jurisdiction. *See* Ariz. Const. art. VI, § 9; A.R.S. § 12-120.21(A)(1), A.R.S. §§ 13-4031, -4033(A).

## DISCUSSION

**¶6**        Collins argues that double jeopardy precludes his convictions and sentences. Because Collins failed to raise the issue of double jeopardy at trial, we review for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). A double jeopardy violation is fundamental error. *State v. McGill*, 213 Ariz. 147, 153, ¶ 21 (2006).

**¶7**        Collins contends his convictions and sentences for molestation (Count 2) and sexual conduct with a minor (Count 5) violate the right to be free from double jeopardy. He contends that molestation is a lesser-included offense of sexual conduct with a minor and that the same act was used to prove his guilt on both charges.

**¶8**        The double jeopardy clauses of the United States and Arizona Constitutions protect criminal defendants from multiple convictions and punishments for the "same offense." U.S. Const. amend. V; Ariz. Const. art. II, § 10. A defendant may not be convicted for both an offense and its lesser-included offense because they are considered the "same offense" for double jeopardy purposes. *State v. Ortega*, 220 Ariz. 320, 324, ¶ 9 (App. 2008); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932).

**¶9**        Molestation is a lesser-included offense of sexual conduct with a minor. *Ortega*, 220 Ariz. at 328, ¶¶ 24–25. But a conviction for both is proper if there is evidence for a reasonable jury to conclude, beyond a reasonable doubt, that the defendant committed two separate acts. *Id.* at 329, ¶¶ 27–28; *see also State v. Boldrey*, 176 Ariz. 378, 381 (App. 1993) (multiple sexual acts that occur during the same incident may be treated as separate crimes).

**¶10**        That is what happened here. According to trial testimony, Collins touched the child inappropriately (first act) and then forced her to touch his penis (second act) while on the couch. The child returned to her bedroom, but Collins later summoned her back to the couch and forced her to masturbate him until he ejaculated (third act). Collins was convicted of sexual conduct with a minor for the first act (Count 1), molestation for the second act (Count 2), and sexual conduct with a minor for the third act, which occurred after the child returned to bed (Count 5). The verdict forms identified these separate events, as the prosecutor did during closing statements. The record had sufficient evidence for a reasonable jury to

conclude that Collins committed three separate acts giving rise to three separate convictions. Viewing the facts in the light most favorable to sustain the jury's verdicts, *State v. Miles*, 211 Ariz. 475, 476, ¶ 2 (App. 2005), we find no violation of double jeopardy.

## CONCLUSION

¶11 Collins' convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA