NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL ANTHONY ASTON, *Appellant.*

No. 1 CA-CR 18-0146
FILED 8-13-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-002929-001
The Honorable John Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

The Heath Law Firm, PLLC, Mesa
By Mark Heath
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1        Michael Anthony Aston appeals his convictions and sentences for two counts of first-degree burglary and two counts of first-degree murder in the deaths of K.L. and M.E. Aston argues that the trial court erred by permitting the State to impeach a witness with prior inconsistent statements when the witness appeared to have difficulty remembering those statements. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        We view the facts in the light most favorable to upholding the jury's verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013). On November 9, 2015, a neighbor discovered K.L. and M.E. bleeding from gunshot wounds on the patio of their apartment. K.L. was shot twice, once through the arm and once in the torso, and died a few hours later during surgery. Police identified Aston as the shooter and Arnez Gonzales, the brother of Aston's girlfriend, as an accomplice.

¶3        Before Aston's and Gonzales's arrests, police interviewed Parker McKinsey and Adam Plotner. Both told police that on November 9, 2015, they were playing video games with Aston and Gonzales in Gonzales's apartment when someone suggested that they get some marijuana. The group went to a nearby apartment complex where Aston and Gonzales continued inside, while McKinsey and Plotner stayed behind and waited. At some point, McKinsey and Plotner heard gunshots. A few minutes later, Gonzales returned alone, urging McKinsey and Plotner to leave. The three returned to Gonzales's apartment and Aston arrived a few minutes later and stated, "I fucked up."

¶4        A grand jury indicted Aston and Gonzales for first-degree burglary and first-degree murder in the deaths of K.L. and M.E. The court severed their cases before trial and the State first proceeded with Aston's trial. McKinsey testified to smoking marijuana and Percocet sometime after midnight before coming to court. He also admitted to being high on the day

of the murders and to using marijuana daily in November 2015. McKinsey testified that at the time of his October 2017 defense interview with the attorneys he was in recovery and "trying to stay clean and sober."

¶5        After an eight-day trial, the jury found Aston guilty on all counts. The trial judge sentenced Aston to concurrent 10.5-year terms for each burglary count and natural life for each count of first-degree murder. Aston now appeals.

## DISCUSSION

¶6        Aston argues the trial court improperly admitted three pretrial statements from McKinsey as prior inconsistent statements. We review the admission of the first two statements for an abuse of discretion, *State v. Hausner*, 230 Ariz. 60, 76, ¶ 58 (2012), but we review admission of the third statement for fundamental error because Aston never objected at trial, *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005). Aston further argues the court erred in allowing testimony from admitted drug users, as they cannot be reliable witnesses, and that the admission of hearsay evidence violates his right to confront witnesses against him. We review questions of constitutional interpretation *de novo*. *Hausner*, 230 Ariz. at 70, ¶ 23.

### I.        McKinsey's Prior Inconsistent Statements

¶7        Aston contests the admission of three prior statements from McKinsey. On November 23, 2015, Scottsdale Police Detective Anthony Jones interviewed McKinsey and the State later introduced two statements from this interview at trial to impeach McKinsey. The prosecutor and defense attorney also interviewed McKinsey in October 2017 and McKinsey testified at trial about a statement he made during that interview. Aston challenges each of these prior statements as improperly admitted hearsay.

¶8        The first statement concerned when McKinsey last saw Gonzales with a pistol. At trial, McKinsey testified that he saw Gonzales with a pistol "way before [the shooting]," or "more than six" months before. In follow up, the State asked if McKinsey remembered telling Detective Jones that he last saw Gonzales with a pistol two months before the shooting, and McKinsey testified he did not remember.

¶9        The second prior statement concerned how many gunshots McKinsey heard. At trial, McKinsey testified that he had "no idea" how many gunshots he heard. When confronted with his statement to Detective Jones that he heard two gunshots, McKinsey responded, "I don't recall that."

¶10 McKinsey's third inconsistent statement addressed whether he saw Aston with a pistol when Aston returned to Gonzales's apartment. During a defense interview in October 2017, McKinsey said that he saw Aston with a pistol tucked into his waistband when Aston returned to Gonzales's apartment. At trial, McKinsey said he remembered telling the attorneys about the pistol but could no longer remember if Aston really had a pistol in his waistband. The State did not introduce an audio clip of the October interview or another witness to impeach McKinsey. Instead, McKinsey testified about his own prior statement in response to the State's questioning.

¶11 A prior out-of-court statement is not hearsay when "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement is inconsistent with the declarant's testimony." Ariz. R. Evid. 801(d)(1)(A). Actual memory loss, as compared to feigned memory loss, does not render a prior statement "inconsistent." *State v. Just*, 138 Ariz. 534, 544 (App. 1983). Thus, prior out-of-court statements are not admissible under Rule 801(d)(1)(A) when the witness is actually unable to remember them. *Id.* The trial court "has considerable discretion in determining whether a witness's evasive answers or lack of recollection may be considered inconsistent with that witness's prior out-of-court statements." *State v. Salazar*, 216 Ariz. 316, 319, ¶ 15 (App. 2007).

¶12 Aston argues that the trial court erred by admitting all three statements because McKinsey's memory loss was due to drug use and thus genuine, not feigned. The court had broad discretion in determining that McKinsey's memory loss was feigned. *Id.*

¶13 The trial court did not abuse its discretion in admitting McKinsey's statements as prior inconsistent statements. Though the court did not detail its reasoning in admitting each of McKinsey's statements, the record contains ample evidence to support that McKinsey feigned his memory loss. McKinsey testified that he could remember that Gonzales and Aston were in Gonzales's apartment on November 6 and that he specifically remembered smoking marijuana that day. Though McKinsey initially claimed he could not remember who suggested leaving the apartment to "go get some weed," he later conceded it was either Gonzales or Aston. McKinsey went on to testify about specific details from that night in November 2015 but claimed he could not recall details once Aston returned to Gonzales's apartment and could not recall his interview with police two weeks after the shooting. McKinsey insisted he could not remember seeing or hearing Gonzales jump a wall at the victims' apartment complex but on further questioning admitted he heard Gonzales jump the wall. From

McKinsey's shifting recollection and evasive answers, the court could conclude McKinsey was feigning his memory loss. Thus, the court did not err in admitting McKinsey's three statements as prior inconsistent statements under Rule 801(d)(1)(A). *See Just*, 138 Ariz. at 544; *Salazar*, 216 Ariz. at 319, ¶15.

## II.     Additional Issues

**¶14**          Aston contends the court violated his confrontation rights by admitting McKinsey's prior inconsistent out-of-court statements at trial. But Arizona law firmly establishes that his rights were not violated because McKinsey and the detective who interviewed him both testified and were subject to cross examination. *See State v. King*, 180 Ariz. 268, 276 (1994) (holding that the confrontation clause is satisfied when the hearsay declarant is subject to cross-examination).

**¶15**          Aston also argues that the trial court erred by finding McKinsey and Plotner, who also admitted to substantial drug use, competent to testify despite their history of drug abuse and drug use before trial. But the Arizona Supreme Court has rejected this very argument, holding that witnesses under the influence of drugs, or with a history of drug use, are not automatically incompetent to testify. *State v. Moore*, 222 Ariz. 1, 11–12, ¶¶ 46, 48 (2009). "[W]e are bound by decisions of the Arizona Supreme Court and have no authority to overrule, modify, or disregard them" and we therefore reject these arguments. *Myers v. Reeb*, 190 Ariz. 341, 342 (App. 1997) (alteration in original).

## CONCLUSION

**¶16**          We affirm Aston's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5