Filed 1/5/21  P. v Jones CA6
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>BRETT JONES,<br><br>  Defendant and Appellant. | H046958<br>(Monterey County<br> Super. Ct. No. 18CR011172) |

## I.  INTRODUCTION

Defendant Brett Jones appeals after a jury found him guilty of two counts of failing to register as a sex offender based on an out-of-state conviction (Pen. Code, §§ 290, subd. (b), 290.005, subd. (c))[1] and one count of driving without a license (Veh. Code, § 12500, subd. (a)).  The trial court sentenced defendant to three years eight months.

Relying primarily on *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), defendant contends the trial court violated his Sixth and Fourteenth Amendment rights when it found facts about the conduct that gave rise to his out-of-state sex offense conviction.  Defendant also contends that the court erred when it instructed the jury on the registration offense and that insufficient evidence supports the registration convictions.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Relying on an allegation in the Arizona indictment that defendant engaged in masturbation with a minor, the trial court found that defendant's "conduct based on the conviction would be here a 288(c)(1) but not a 261.5." However, the record of conviction presented to the trial court in this case did not demonstrate that defendant specifically admitted the allegation regarding the factual means by which he committed the offense or that defendant pleaded guilty *as charged* in the indictment. Thus, defendant's plea to the Arizona offense properly established solely the elements of the crime, which did not include engaging in masturbation with a minor. We therefore conclude pursuant to *Mathis v. United States* (2016) __ U.S. __ [136 S.Ct. 2243, 195 L.Ed.2d 604] (*Mathis*) and *Gallardo*, *supra*, 4 Cal.5th 120 that the determination of the conduct underlying the Arizona conviction, or the factual means by which defendant committed the Arizona offense, was a question for the jury. (See *Mathis*, *supra*, 136 S.Ct. at p. 2252; *Gallardo*, *supra*, at pp. 134, 136.)

We further determine that the trial court committed instructional error and that insufficient evidence supports the registration convictions.

Accordingly, we reverse.[2]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**A.** *Trial Evidence*

On October 6, 1998, defendant pleaded guilty to sexual conduct with a minor in violation of Arizona Revised Statutes section 13-1405. Pursuant to Arizona Revised Statutes section 13-3821, defendant was required to register as a sex offender for life. Defendant registered as a sex offender in Arizona on October 12, 2000. Also on that date, defendant initialed and signed a preprinted form acknowledging his lifetime duty

---

[2] We initially issued our decision reversing the judgment solely on the basis that the trial court improperly engaged in judicial factfinding; we did not consider defendant's remaining claims. We subsequently granted rehearing in the matter on defendant's petition.

to register as a sex offender, his duty to notify the police of address changes, and his obligation to comply with another state's registration requirements if he moved out of Arizona. Defendant also registered in Arizona on December 8, 2000.

On July 18, 2014, a jury in Puerto Rico found defendant guilty of failing to register as a sex offender in violation of title 18 United States Code section 2250. Defendant was placed on supervised release and ordered to comply with the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) "as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he . . . resides, works, is a student, or was convicted of a qualifying offense."

From November 2016 to May 2017, defendant lived on Maravilla Drive in Salinas. From January through May 2018, defendant lived on Second Avenue and Carpenter Street in Carmel. After May 23, 2018, defendant resided on Strawberry Drive in Strawberry. There was no record of defendant registering as a sex offender in California between 2016 and 2018.

On January 11, 2019, District Attorney Investigator Steven Guidi observed defendant driving in Carmel. Defendant's driver's license expired in December 2012.

Also in January 2019, at Investigator Guidi's request, the California Department of Justice determined that defendant was required to register as a sex offender in California for life.

**B.** *Charges, Verdicts, and Sentence*

Defendant was charged by information with failing to register as a sex offender (§ 290, subd. (b); count 1), failing to register as a sex offender based on an out-of-state conviction (§ 290.005, subd. (c); count 2), failing to inform authorities of an address change (§ 290.013, subd. (a); count 3), and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 4). During motions in limine, the trial court granted the prosecution's request to amend counts 1 and 2 to charge defendant with failing to register as a sex offender based on an out-of-state conviction in violation of

3

sections 290, subdivision (b) and 290.005, subdivision (c) and to dismiss count 3. Count 4 was subsequently renumbered as count 3.

Defendant represented himself at trial. The jury found defendant guilty of counts 1, 2, and 3 as amended.

The trial court sentenced defendant to serve three years eight months in prison.

## III. DISCUSSION

Section 290.005 requires individuals convicted of certain sex offenses out of state or in federal or military court to register as sex offenders while residing in California. Subdivision (c) of the statute mandates registration by "any person who would be required to register while residing in the state of conviction for a sex offense committed in that state," except as provided in subdivision (d). Subdivision (d), in turn, states that if the out-of-state conviction offense is "similar" to any of the offenses listed in subdivision (d)(1) through (5), including unlawful sexual intercourse with a minor in violation of section 261.5, registration is required only if the elements or the proven or stipulated facts of the out-of-state conviction offense contain all of the elements of a registerable offense under section 290, subdivision (c). (§ 290.005, subd. (d).)

During a hearing on the parties' in limine motions, the trial court found that defendant's "conduct based on the [Arizona] conviction would be here a 288(c)(1) but not a 261.5." As a result, the court determined that none of the section 290.005, subdivision (d) exceptions applied to defendant's Arizona sex offense conviction and that the prosecution could proceed on its theory that defendant was required to register in California under section 290.005, subdivision (c) because he would have been required to register in Arizona had he been residing there.

Defendant contends that the trial court's ruling violated his Sixth and Fourteenth Amendment rights because the court "went beyond the record of conviction and engaged in judicial factfinding." Defendant further contends that the court omitted an element when it instructed the jury on the registration offense and that insufficient evidence

4

supports the registration convictions because the prosecution failed to present substantial evidence that " 'proven or stipulated facts in the record of conviction[] contain[] all of the elements of a registerable California offense described in subdivision (c) of Section 290.' (Pen. Code, § 290.005, subd. (d).)"

A. *Section 290.005*

As stated above, section 290.005 mandates sex offender registration for individuals convicted of certain sex crimes out of state or in federal or military court. Subdivision (c) of section 290.005 requires registration by "any person who would be required to register while residing in the state of conviction for a sex offense committed in that state," except as provided in subdivision (d). As relevant here, subdivision (d) exempts from the registration requirement "a person convicted in another state of an offense similar to [¶] . . . [¶] [u]nlawful sexual intercourse, pursuant to Section 261.5" unless the elements or the proven or stipulated facts of the "similar" out-of-state conviction offense contain all the elements of a registerable offense under section 290, subdivision (c).[3]

---

[3] Section 290.005, subdivision (d) states: "Notwithstanding any other law, a person convicted in another state of an offense similar to one of the following offenses who is required to register in the state of conviction shall not be required to register in California unless the out-of-state offense, based on the elements of the conviction offense or proven or stipulated facts in the record of conviction, contains all of the elements of a registerable California offense described in subdivision (c) of Section 290: [¶] (1) Indecent exposure, pursuant to Section 314. [¶] (2) Unlawful sexual intercourse, pursuant to Section 261.5. [¶] (3) Incest, pursuant to Section 285. [¶] (4) Sodomy, pursuant to Section 286, or oral copulation, pursuant to Section 287 or former Section 288a, provided that the offender notifies the Department of Justice that the sodomy or oral copulation conviction was for conduct between consenting adults, as described in Section 290.019, and the department is able, upon the exercise of reasonable diligence, to verify that fact. [¶] (5) Pimping, pursuant to Section 266h, or pandering, pursuant to Section 266i."

**B. *Trial Court Proceedings***

The prosecution filed a motion in limine requesting the trial court to find that section 290.005 required defendant to register as a sex offender based on his Arizona conviction. The prosecution contended that the determination was an issue of law for the court, not a question of fact for the jury. The prosecution asserted that, "[o]n the other hand, the question of whether . . . [d]efendant was in fact convicted of the particular Arizona sexual assault offense, is a question of fact for the jury to decide."

At the hearing on the motion, the prosecution argued that defendant was required to register under section 290.005, subdivision (c) based on his conviction of Arizona Revised Statutes section 13-1405, sexual conduct with a minor, because the conviction obligated him to register as a sex offender while residing in Arizona. The trial court questioned whether subdivision (d) of section 290.005 precluded the registration requirement because defendant's Arizona conviction "equate[d] to a [violation of section] 261.5," unlawful sexual intercourse with a minor, an exempted offense. The prosecution asserted that subdivision (d) did not apply to defendant's conviction because "the language in the [Arizona] indictment makes it clear that it is masturbation, which doesn't qualify as a 261.5 offense."

The prosecution provided the Arizona indictment and presentence report to the trial court. The plea agreement was included in the same exhibit as the presentence report. Count 1 of the indictment alleged that defendant "intentionally or knowingly engaged in sexual intercourse or oral sexual contact with [C.B.], who was a minor fifteen years of age or over (refers to the first time, masturbation by defendant), in violation of [Arizona Revised Statutes] §§ 13-1401, 13-1405, 13-3821, 31-281, 13-701, 13-702, and 13-801." The plea agreement stated that "defendant agrees to plead GUILTY to: [¶] Count[] 1 . . . , Sexual Conduct with a Minor, a class 6 designated felony, in violation of [Arizona Revised Statutes] §§ 13-1401, 13-1405, 13-3821, 31-281, 13-701, 13-702, and 13-801," and that he must register pursuant to Arizona Revised Statutes section 13-3821.

6

The prosecution argued that because the indictment alleged that defendant engaged in masturbation with a minor, an offense dissimilar to a violation of section 261.5, and defendant pleaded guilty to the offense, the trial court need not determine whether the elements or the proven or stipulated facts of the Arizona conviction contained all the elements of a registerable offense in California. The trial court inquired "how far beyond the actual conviction [it] can go," stating that "the only thing that indicates this person's 15 years old, the victim, is the presentence [report]." The prosecution asserted that reliance on the presentence report was unnecessary because "the indictment itself shows that . . . it's masturbation," rendering the exceptions in subdivision (d) of section 290.005 inapplicable as engaging in masturbation with a minor "doesn't fit one of the California crimes outlined in [subdivision (d)] one through five."

Defendant did not respond to the prosecution's argument or otherwise object.

The trial court determined that the prosecution's "analysis is correct, given that really the conduct based on the conviction would be here a 288(c)(1) but not a 261.5. So the (d) exception wouldn't even apply. So then the analysis would be under 290.005(c)."

The trial court instructed the jury with CALCRIM No. 1170 "modified . . . to include [section] 290.005, an out-of-state conviction." As relevant here, the instruction stated: "The defendant is charged in Counts 1 and 2 with failing to register as a sex offender in violation of Penal Code sections 290(b)/290.005(c). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant was previously convicted of a crime in the state of Arizona which required him to register as a sex offender in the state of Arizona; [¶] 2. The defendant resided in the city of Salinas, California from November 1, 2016 through May 22, 2017, and the city of Carmel, California from January 1, 2018 through May 22, 2018; [¶] 3. The defendant actually knew he had a duty under Penal Code section 290 to register as a sex offender living at . . . Maravilla Drive in the city of Salinas and 2nd Avenue and Carpenter Avenue in the city of Carmel and that he had to register within five working days of coming into

7

each of those cities;  [¶]  and  [¶]  4.  The defendant willfully failed to register as a sex offender with the police chief of that city and the sheriff of that county within five working days of coming into that city.  [¶] . . . [¶]  Any person who would be required to register as a sex offender while residing in the state of conviction for a sex offense committed in that state is required to register as a sex offender in the state of California."

## C. *Forfeiture*

Citing *People v. Ervine* (2009) 47 Cal.4th 745, 783 (*Ervine*), the Attorney General asserts that defendant's federal constitutional claim regarding the trial court's judicial factfinding has been forfeited based on defendant's failure to raise it below.  However, *Ervine* involved a challenge to a trial court's exclusion of evidence (*ibid.*), and we are statutorily barred from considering unpreserved issues relating to evidence's admission or exclusion (Evid. Code, §§ 353, 354).

Generally, a reviewing court may, in its discretion, decide to review a claim that has been or may be forfeited for failure to raise the issue below.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7; *People v. Shaw* (2004) 122 Cal.App.4th 453, 456, fn. 9; Pen. Code, § 1259 [an "appellate court may, without exception having been taken in the trial court, review any question of law involved . . . at the trial . . . which affected the substantial rights of the defendant."].)  Here, because a Sixth Amendment violation may affect defendant's "substantial rights," we will exercise our discretion to address the merits of the claim.

## D. *Judicial Factfinding*

Defendant contends the trial court violated his Sixth Amendment right to a jury trial and Fourteenth Amendment right to due process when it found he "had a duty to register in California."  Relying primarily on *Gallardo*, *supra*, 4 Cal.5th 120, defendant

asserts that the court improperly "engaged in judicial factfinding."[4]  We conclude that the trial court's finding that defendant's "conduct . . . would be here a 288(c)(1) but not a 261.5," based on an allegation in the Arizona indictment that defendant engaged in masturbation with a minor, violated defendant's Sixth Amendment rights because there was no evidence in the record of conviction presented to the court that defendant specifically admitted the allegation or pleaded guilty as charged, and defendant's plea to the Arizona offense constituted an admission solely to the elements of the crime, which did not include the conduct or factual means of engaging in masturbation with a minor. (See *Mathis*, *supra*, 136 S.Ct. at p. 2252; *Gallardo*, *supra*, 4 Cal.5th at pp. 134, 136.)

This case involves mixed questions of law and fact with constitutional significance.  (See *People v. Cromer* (2001) 24 Cal.4th 889, 894 ["[m]ixed questions are those in which the ' "historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the [relevant] statutory [or constitutional] standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated" ' "].)  We therefore apply de novo review.  (*Ibid.*)

In *Gallardo*, *supra*, 4 Cal.5th at pages 123-124, the California Supreme Court considered whether a sentencing court's determination that the defendant's prior conviction qualified as a strike offense violated the Sixth Amendment due to the sentencing court's judicial factfinding.  The court held that "[u]nder the Sixth Amendment to the United States Constitution, . . . any fact, other than the fact of a prior conviction, that increases the statutorily authorized penalty for a crime must be found by a jury beyond a reasonable doubt." (*Gallardo*, *supra*, at p. 123.)  The court explained that " '[t]he Sixth Amendment contemplates that a jury—not a sentencing court—will find' the facts giving rise to a conviction, when those facts lead to the imposition of

---

[4] Defendant also relies on *Mathis*, *supra*, 136 S.Ct. 2243, *Descamps v. United States* (2013) 570 U.S. 254, 269-270 (*Descamps*), and *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) in support of this claim.

additional punishment under a recidivist sentencing scheme. [Citation.] This means that a sentencing court may identify those facts it is 'sure the jury . . . found' in rendering its guilty verdict, or those facts as to which the defendant waived the right of jury trial in entering a guilty plea. [Citation.] But it may not 'rely on its own finding' about the defendant's underlying conduct 'to increase a defendant's maximum sentence.' " (*Id.* at p. 134.)

The defendant in *Gallardo* waived her right to a jury trial regarding an allegation that she suffered a prior assault conviction, but she disputed that the assault qualified as a strike based on the fact that her plea in the prior case did not definitively establish what type of assault she committed. (*Gallardo*, *supra*, 4 Cal.5th at p. 126.) If the defendant "committed assault with a deadly weapon, the prior conviction counted as a strike; if she committed assault by any means of force likely to produce great bodily injury, it did not." (*Id.* at p. 125.) The sentencing court reviewed a transcript of the preliminary hearing in the prior case, determined that the defendant had committed assault with a deadly weapon, and sentenced her as a second strike offender. (*Id.* at p. 126.)

The California Supreme Court concluded that the sentencing court "engaged in a form of factfinding that strayed beyond the bounds of the Sixth Amendment." (*Gallardo*, *supra*, 4 Cal.5th at p. 136.) The court explained that in determining whether a prior conviction qualifies as a strike, the sentencing court may consider only a limited class of documents that "might help identify what facts a jury necessarily found in the prior proceeding." (*Id.* at p. 137.) A preliminary hearing transcript is not within that class because "[a] sentencing court reviewing that preliminary transcript has no way of knowing whether a jury would have credited the victim's testimony had the case gone to trial." (*Ibid.*) Thus, the court reasoned, "at least in the absence of any pertinent admissions," the sentencing court cannot do anything but guess that a defendant who pleaded guilty to committing an assault in violation of section 245, subdivision (a)(1), was "acknowledging the truth of the testimony indicating that she had committed the

assault with a knife." (*Gallardo*, *supra*, at p. 137.) Importantly, the court determined that when a sentencing court "must rely on a finding regarding the defendant's conduct, but [a] jury did not necessarily make that finding (or the defendant did not admit to that fact), the defendant's Sixth Amendment rights are violated." (*Id.* at p. 135; see also *Mathis*, *supra*, 136 S.Ct. at p. 2252 [consistent with the Sixth Amendment, a court "cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense"].)

We recognize that *Gallardo* involved the application of the "Three Strikes" law based on the defendant's prior conviction, not a substantive offense. (*Gallardo*, supra, 4 Cal.5th at p. 123.) We find *Gallardo* dispositive here, however, because its analysis is based on the high court's holding in *Apprendi*, *supra*, 530 U.S. 466, which "is grounded on the reasoning that '[t]he federal Constitution requires the elements of a crime to be proved beyond a reasonable doubt *because they expose the defendant to punishment*; likewise, the elements of a sentence enhancement must be proved beyond a reasonable doubt if there is exposure to *increased* punishment. [Citations.]' " (*People v. Izaguirre* (2007) 42 Cal.4th 126, 131; see *Gallardo*, *supra*, at pp. 123-124, 128-129, 135.) Thus, the analysis regarding a court's determination of the nature of a prior conviction— whether triggered by a substantive offense or a sentence enhancement—is the same.

Here, when determining that the exceptions to section 290.005, subdivision (c) did not apply, the trial court relied on count 1 of the Arizona indictment.[5] As stated, the

---

[5] Defendant asserts that the trial court also relied on the presentence report, whereas the Attorney General contends that the court relied on the indictment alone. Based on the court's comments that it did not need to consider the presentence report because count 1 of the indictment "simply says masturbation," we determine that the trial court's ruling rested solely on the indictment. The trial court was properly concerned about relying on evidence outside the record of conviction and did not do so. (See *Mathis*, *supra*, 136 S.Ct. at p. 2249 [stating that a court in determining the crime of conviction could consider "for example, the indictment, jury instructions, or plea agreement and colloquy"].)

indictment alleged that defendant "intentionally or knowingly engaged in sexual intercourse or oral sexual contact with [C.B.], who was a minor fifteen years of age or over (refers to the first time, masturbation by defendant), in violation of [Arizona Revised Statutes] §§ 13-1401, 13-1405, 13-3821, 31-281, 13-701, 13-702, and 13-801." Because nothing in the indictment reflects that defendant pleaded guilty *as charged* or that he admitted the allegation stating, "refers to the first time, masturbation by defendant," defendant's admission of guilt to "Count 1 . . . Sexual Conduct with a Minor" could properly establish solely the elements of the offense.[6] (See *Gallardo*, *supra*, 4 Cal.5th at p. 136.)

Arizona Revised Statutes section 13-1405 states that "[a] person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." The elements of the offense are: "(1) intentionally or knowingly engaging in sexual intercourse or oral sexual contact, defined in a separate statute, (2) with a person who is less than eighteen years of age." (*State v. Ortega* (Ariz.Ct.App. 2008) 206 P.3d 769, 775 (*Ortega*).) Thus, in pleading guilty to the offense, defendant admitted that he "intentionally or knowingly engag[ed] in sexual intercourse or oral sexual contact" with a minor. (*Ibid.*)

The trial court found that defendant's "conduct based on the [Arizona] conviction would be here a 288(c)(1) but not a 261.5," agreeing with the prosecution's analysis that "the indictment itself shows . . . masturbation."[7] However, without evidence in the

---

[6] The plea agreement included at the end of the presentence report stated that "defendant agree[d] to plead GUILTY to: [¶] Count[]1 . . . , Sexual Conduct with a Minor, a class 6 designated felony, in violation of [Arizona Revised Statutes] §§ 13-1401, 13-1405, 13-3821, 31-281, 13-701, 13-702, and 13-801." However, as discussed, the trial court based its ruling solely on the indictment. And even if the trial court had considered the plea agreement, the agreement does not indicate that defendant agreed to plead guilty *as charged* or that he admitted the allegation stating, "refers to the first time, masturbation by defendant."

[7] A person violates section 288, subdivision (c)(1) when he or she "willfully and (continued)

12

record of conviction presented to the court that defendant pleaded guilty as charged or otherwise admitted the allegation in the indictment that he engaged in masturbation with a minor, defendant's guilty plea was an admission solely that he "intentionally or knowingly engag[ed] in sexual intercourse or oral sexual contact" with a minor. (*Ortega*, *supra*, 206 P.3d at p. 775; see *Gallardo*, *supra*, 4 Cal.5th at pp. 134, 136.) Because there was no record evidence that defendant specifically admitted the factual allegation in the indictment regarding the means by which he committed the offense—that he engaged in masturbation with a minor—the trial court's finding violated defendant's Sixth Amendment rights. (See *Gallardo*, *supra*, 4 Cal.5th at p. 136.) Under *Gallardo*, a trial court is "limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was *necessarily* required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea"; the court "may not determine the 'nature or basis' of the prior conviction based on its independent conclusions about what facts or conduct 'realistically' supported the conviction." (*Ibid.*, italics added.)

The Attorney General contends that "the trial court properly relied on the certified indictment to identify the precise statutory basis for [defendant's] Arizona conviction," asserting that defendant "pleaded guilty to a count that specifically alleged he engaged in sexual conduct with a minor and specified that the nature of the conduct was masturbation." The Attorney General argues that the trial court's reliance on the indictment was permissible because defendant "necessarily adopted [the indictment's allegations] as the factual basis for his guilty plea."

---

lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child . . . with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child," the child is 14 or 15 years old, and the person is at least 10 years older than the child. (*Id.*, subds. (a), (c)(1)).

13

Certainly, as the United States Supreme Court explained in *Mathis* regarding offenses with alternate elements, such as the Arizona offense at issue here, "a sentencing court [may] look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."[8] (*Mathis*, *supra*, 136 S.Ct. at p. 2249.) Here, the alternate elements of the Arizona statute are "intentionally or knowingly engaging in sexual intercourse" or "intentionally or knowingly engaging in . . . oral sexual contact." (*Ortega*, *supra*, 206 P.3d at p. 775.)

In addition to alternate elements, however, the Arizona offense has "various factual means of committing a[n] . . . element." (*Mathis*, *supra*, 136 S.Ct. at p. 2249 [giving as an example a statute that "requires use of a 'deadly weapon' as an element of a crime" and specifies diverse means of satisfying the element by "use of a 'knife, gun, bat, or similar weapon' "].) Arizona defines the alternate element of engaging in "sexual intercourse" as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva." (Ariz. Rev. Stats., § 13-1401, subd. (A)(4); see *Ortega*, *supra*, 206 P.3d at p. 775.) Under Arizona law, therefore, a person can engage in "sexual intercourse" through various means, including "masturbatory contact." (Ariz. Rev. Stats., § 13-1401, subd. (A)(4).)

"Because that kind of list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item." (*Mathis*, *supra*, 136 S.Ct. at p. 2249.) Put another way, "the only

---

[8] The plea colloquy is not part of the record on appeal and was not mentioned during in limine proceedings below. It does not appear that the prosecution provided the plea colloquy to the trial court. The plea agreement included in the prosecution's presentence report exhibit did not state that defendant agreed to plead guilty as charged or that defendant agreed to admit the allegation that he engaged in masturbation with a minor.

14

facts the court can be sure the jury so found [or the defendant admitted] are those constituting elements of the offense—as distinct from amplifying but legally extraneous circumstances." (*Descamps*, *supra*, 570 U.S. at pp. 269-270.) Thus, because "masturbatory contact" (*Ortega*, *supra*, 206 P.3d at p. 777) was one of "various factual ways of committing [a] component of [defendant's] offense," rather than an element of the crime, defendant did not *necessarily* admit the indictment's allegation that he engaged in masturbation with a minor by virtue of his guilty plea to the offense of sexual conduct with a minor (*Mathis*, *supra*, at p. 2249).

A list of diverse means of satisfying an element "gives a . . . court no special warrant to explore the facts of an offense, rather than to determine the crime's elements." (*Mathis*, *supra*, 136 S.Ct. at p. 2251.) "The trial court's role is limited to determining the facts that were necessarily found [or admitted] in the course of entering the conviction. To do more is to engage in 'judicial factfinding that goes . . . beyond the recognition of a prior conviction.' " (*Gallardo*, *supra*, 4 Cal.5th at p. 134; see *id.* at pp. 131-132 [quoting Justice Kennard's dissent in *People v. McGee* (2006) 38 Cal.4th 682, 714-715 stating that "when a trial court examines the record of conviction in an attempt to discern ' "whether the conviction realistically may have been based on *conduct* that would not constitute a felony under California law," ' it is necessarily making a determination that properly belongs to a jury, not a judge"].)

For these reasons, because the record of conviction before the trial court did not establish that defendant pleaded guilty as charged or otherwise admitted the allegation that he engaged in masturbation with a minor and because defendant's plea to the offense established solely the crime's elements, which did not include engaging in masturbation with a minor, the trial court violated defendant's Sixth Amendment rights when it found "the conduct based on the conviction would be here a 288(c)(1) but not a 261.5." (See *Gallardo*, *supra*, 4 Cal.5th at p. 136.) The determination "invade[d] the jury's province

15

by permitting the court to make disputed findings about 'what a . . . plea proceeding revealed, about . . . defendant's underlying conduct.' " (*Ibid.*)

### E. *Instructional Error*

Defendant contends the trial court erred when it instructed the jury that " '[a] person who would be required to register as a sex offender while residing in a state of conviction for a sex offense committed in that state is required to register as a sex offender in the state of California,' " because "whether a person in California has a duty to register as a sex offender for his or her out-of-state conviction depends on the facts of the out-of-state offense." In supplemental briefing filed after we granted rehearing, the Attorney General concedes that "[i]nstructional error . . . flowed from the trial court's erroneous [fact]finding, as the [instruction] provided to the jury did not require jurors make any findings regarding the conduct underlying [defendant's] Arizona conviction, only whether he had suffered that out-of-state conviction and was subject to a sex offender registration requirement in that state as a result."

We concur with the parties that the trial court erred. The court failed to instruct the jury on the requirements of subdivision (d) of section 290.005—that it had to determine whether defendant's "out-of-state offense, based on the elements of the conviction offense or proven or stipulated facts in the record of conviction, contains all of the elements of a registerable California offense described in subdivision (c) of Section 290."[9] The error was not harmless because, as we explain below, the prosecution

_____

[9] The prosecution implicitly conceded that section 290.005, subdivision (d)'s requirements applied here when it agreed with the trial court that "if you just look at the [Arizona] statute, this is a 261.5." (See § 290.005, subd. (d)(2) [exempting from the registration requirement individuals convicted of an out-of-state offense "similar" to a violation of section 261.5 unless, "based on the elements of the conviction offense or proven or stipulated facts in the record of conviction," the out-of-state offense "contains all of the elements of a registerable California offense described in subdivision (c) of Section 290"].) Defendant did not object to the instruction as given.

did not submit evidence to the jury to establish the requirements of subdivision (d).  (See *People v. Gonzalez* (2012) 54 Cal.4th 643, 663.)

## F.  *Substantial Evidence*

Defendant contends the prosecution failed to present substantial evidence to the jury that his Arizona conviction required him to register as a sex offender in California. Defendant argues that "[w]hether [he] was required to register in California . . . depends on the facts of the Arizona offense" and the jury received no evidence regarding the underlying facts.  The Attorney General concedes that "in light of th[is] [c]ourt's holding that the trial court erred in finding [defendant] was required to register as a sex offender in California based on his out-of-state sex offense conviction [citation] . . . [defendant's] claim of insufficient evidence has merit."

In reviewing a challenge to the sufficiency of the evidence, "we 'examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.]"  (*People v. Guerra* (2006) 37 Cal.4th 1067, 1129, disapproved on another ground in *People v. Rundle* (2008) 43 Cal.4th 76, 151.)

Here, there is substantial evidence in the record that defendant was required to register as a sex offender while residing in Arizona.  However, the prosecution did not present evidence to the jury that "the elements of the conviction offense or proven or stipulated facts in the record of conviction, contain[] all of the elements of a registerable California offense described in subdivision (c) of Section 290," as required when a conviction offense is "similar" to unlawful sexual intercourse with a minor in violation of section 261.5.[10]  (§ 290.005, subd. (d)(2).)  Accordingly, we conclude that defendant's

---

[10] The prosecution explicitly agreed with the trial court that subdivision (d) of section 290.005 "exempts a 261.5, and if you just look at the [Arizona] statute, this is a 261.5."

17

convictions of failing to register as a sex offender based on an out-of-state conviction are not supported by substantial evidence.

Defendant contends that if this court finds the evidence insufficient to sustain the registration convictions, retrial is barred by the double jeopardy clause. The Attorney General asserts that retrial is permissible "because the insufficient evidence was due to trial error."

The double jeopardy clause "prevents the state from having a second opportunity to marshal evidence which it failed to produce at the first opportunity." (*In re Mendes* (1979) 23 Cal.3d 847, 855, superseded by statue on another ground as stated in *People v. Cottle* (2006) 39 Cal.4th 246, 254, fn. 2.) Thus, "when a defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury's verdict, the Double Jeopardy Clause bars a retrial on the same charge." (*Lockhart v. Nelson* (1988) 488 U.S. 33, 39.) "It has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." (*Id.* at p. 38.) In other words, retrial is allowed "to rectify *trial error*." (*Burks v. United States* (1978) 437 U.S. 1, 14 (*Burks*); accord, *People v. Shirley* (1982) 31 Cal.3d 18, 71, superseded by statute on another ground as stated in *People v. Alexander* (2010) 49 Cal.4th 846, 879.)

We conclude that on the facts of this case, retrial is permissible because our reversal is based on trial error—that is, defendant was "convicted through a judicial process which [was] defective in some fundamental respect." (*Burks*, *supra*, 437 U.S. at p. 15 [citing as examples, "incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct"].) As stated, the trial court engaged in impermissible judicial factfinding when it determined that "given [defendant's] conduct based on the conviction would be here a 288(c)(1) but not a 261.5," none of the

exceptions to the registration requirement under subdivision (d) applied and "the analysis would be under 290.005(c)." The court's instructions to the jury reflected this erroneous determination.

The prosecution was "entitled to rely on [the trial court's] ruling" that the analysis at trial would be under subdivision (c) of section 290.005 in deciding not to present evidence to the jury that satisfied the requirements of subdivision (d). (*People v. Harvey* (1984) 163 Cal.App.3d 90, 107 [holding retrial was allowed where the trial court erroneously admitted evidence of a prior robbery to prove identity].) " 'It is impossible to know what additional evidence the government might have produced . . . or what theory the government might have pursued' " had the trial court not engaged in the factfinding and misinstruction defendant complains of. (*Ibid.*)

For these reasons, we conclude that retrial is permissible because the bases for reversal here stem from "*trial error*." (*Burks*, *supra*, 437 U.S. at p. 14.)

## IV.   DISPOSITION

The judgment is reversed. The matter is remanded for possible retrial on counts 1 and 2. If the prosecution elects not to retry these counts or at the conclusion of the retrial, the court shall resentence defendant.

_____
BAMATTRE-MANOUKIAN, J.




WE CONCUR:






_____
ELIA, ACTING P.J.






_____
DANNER, J.




*People v. Jones*
**H046958**